# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

| | |
|---|---|
| JAMES NALLS,<br><br>    Plaintiff,<br><br>vs.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>    Defendant. | Case No.:<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, JAMES NALLS, BY AND THROUGH COUNSEL, Daniel Brennan, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the city of Villa Rica, Carroll County, Georgia.

3. Venue is proper in the Northern District of Georgia, Newnan Division.

## PARTIES

4. Plaintiff is a natural person residing in city of Villa Rica, Carroll County, Georgia.

5. The Defendant to this lawsuit is Convergent Outsourcing, Inc. ("Defendant") which is a foreign corporation that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect consumer type debt allegedly owed by Plaintiff to Sprint in the amount of $1,227.00 (the "collection item").

7. Defendant is reporting the collection item with a dispute comment on Plaintiff's credit disclosure.

8. Plaintiff no longer disputes the collection item.

9. On November 16, 2021, Plaintiff obtained his Equifax credit disclosure and noticed Defendant reporting the collection item.

10. On or about December 3, 2021, Credit Repair Lawyers of America on behalf of Plaintiff, sent Defendant a letter informing Defendant that the collection item is inaccurate and asked Defendant to remove the dispute comment from the collection item.

11. Defendant received Plaintiff's letter on December 6, 2021.

12. On January 14, 2022, Plaintiff obtained his Equifax credit disclosure, which showed that Defendant last reported the collection item reflected by the

Equifax credit disclosure on January 8, 2022 and failed or refused to remove the dispute comment from the collection item, in violation of the FDCPA.

13. Defendant's failure to remove the inaccurate dispute remark makes the tradeline false and misleading to any user of the credit report. It also damages Plaintiff by preventing him from obtaining any mortgage loan or refinancing of the same, as no conventional lender will grant a mortgage based on any credit report that has any tradelines reported as disputed. Mortgage rates are now at historic lows and Plaintiff cannot participate in this market, due to Defendant's failures to remove the dispute comment.

14. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

15. Defendant had more than ample time to instruct Equifax to remove the dispute comment from the collection item.

16. Defendant's inaction to remove the dispute comment from the collection item was either negligent or willful.

17. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. His credit report continues to be damaged due to the Defendant's failure to properly report the collection item.

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Plaintiff reincorporates the preceding allegations by reference.

19. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debt on behalf of other individuals or entities.

20. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

21. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Defendant's foregoing acts in attempting to collect this alleged Debt violated 15 U.S.C. §1692e:

    a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to report the collection item with a dispute notation after being informed of the inaccuracy; and

    b. 15 U.S.C. §1692e(8) reporting credit information which is known to be false, including failure to communicate that the debt is not disputed by failing to remove the inaccurate dispute notation from the collection item after being asked to do so by Plaintiff.

23. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

24. Defendant's failure to remove the erroneous dispute notation from its collection item on Plaintiff's consumer credit file is annoying, humiliating, and embarrassing to the Plaintiff as it creates a false impression regarding his creditworthiness.

25. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has suffered stress causing headaches, loss of sleep, fights with his significant other, and feelings of helplessness.  Additionally, the Plaintiff has continued to suffer from anxiety, embarrassment, humiliation, and stress from Defendant's violations of the FDCPA.  .

26. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

   a. Actual damages;

   b. Statutory damages;

   c. Statutory costs and attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED:  January 24, 2022

                                        By: ***/s/ Daniel Brennan***
                                        Daniel Brennan
                                        Bar Number 271142
                                        Credit Repair Lawyers of America
                                        22142 West Nine Mile Road
                                        Southfield, MI 48033
                                        Telephone: (248) 353-2882
                                        Facsimile: (248) 353-4840
                                        E-Mail: daniel@crlam.com
                                        *Attorneys for Plaintiff,*
                                        *James Nalls*